ELEANOR M. KURZ *vs.* BOARD OF APPEALS OF NORTH READING.

Middlesex.    March 8, 1960. — June 3, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Zoning.  Dancing School.  Education.  Law or Fact.  Words,* "Educational use."

The words "educational use" as a permitted use in a town's zoning by-law had their ordinary meaning.  [112]

The meaning of the words "educational use" as a permitted use in a town's zoning by-law was a question of law.  [112]

A town's zoning by-law permitting "educational use" of premises in residential districts did not permit use of premises in such a district for a dancing school, operated as a commercial enterprise for profit, in which tap, ballet, ballroom, and other kinds of dancing were taught.  [113]

BILL IN EQUITY, filed in the Superior Court on March 3, 1958.

The plaintiff appealed from a final decree entered after hearing by *Barron, J.*

*Vincent J. Celia,* for the plaintiff.

*Thomas P. Russell,* (*Walter G. Bilowz,* Town Counsel, & *Arthur S. Drinkwater* with him,) for the defendant.

WILKINS, C.J.  The plaintiff, "an instructress of the dance" and a member of a number of professional dance teachers' organizations, is the owner of land and a building

on Haverhill Street in North Reading. She has used the premises in part for "the teaching of the dance" and in part as a residence for herself and family. The premises are in a district zoned Residence "A." The zoning by-law provides, "In a Residence A or B District, no building shall be erected or altered, and no building or premises shall be used for any purpose except: 1. Detached one-family dwelling. 2. Private club not conducted for profit . . .. 3. Church. 4. Educational use."

The plaintiff applied to the building inspector of the town for permission to erect an addition twenty feet by thirty feet for extension of the dancing area. The building inspector denied the application, and the plaintiff appealed to the defendant board, which, after hearing, denied her application and dismissed her appeal. The plaintiff then brought this bill in equity by way of appeal to the Superior Court. G. L. c. 40A, § 21, as amended.

Upon the foregoing findings the judge ruled that "the teaching of the dance, as contemplated by the plaintiff, is not an 'educational use' within the meaning of the zoning by-laws of the town." The plaintiff appealed from a final decree reciting that the decision denying the permit was within the jurisdiction of the board of appeals, and that no modification of it is required.

In accordance with our order entered pursuant to G. L. c. 231, § 125A, inserted by St. 1949, c. 171, § 1, the judge has amplified her report of material facts with respect to the meaning of the phrase, "teaching of the dance, as contemplated" by the plaintiff. Since 1950 the plaintiff has operated a dancing school in a garage approximately twelve by ten feet annexed to her five room dwelling house.

When the application was filed the dancing school had an enrolment of about fifty pupils from three to sixteen years of age. In a class of four to eight pupils most of them paid fees of $1 to $1.50 each. A very few paid $2.50. Several pupils took more than one lesson a week. Classes were held on four days a week. Instruction was given in modern jazz, tap, musical comedy and classical ballet, toe and acro-

batic dancing, tumbling, and baton.   Musical accompaniment was by tape recorder and record player.

The school was operated by the plaintiff as a sole proprietorship, and its expenses were claimed on her income tax return as a business deduction.   She was particularly trained in ballet dancing, and was not qualified to teach, and never did teach, ballroom or any form of social dancing. Beginning about three months before filing the application, the plaintiff made available to ''Teen Agers'' and adults ballroom dancing lessons which were given by a woman assistant under the plaintiff's supervision.   The plaintiff advertised in a local newspaper and distributed cards. The only advertisement reproduced in the findings read in material part: ''Ball Room—Teen Age—Adult Instructor: Mrs. Thomas Eleanor M. Kurz School of the Dance.'' There was a list: ''The Stroll Rock'n Roll Cha-Cha Mambo Tango Polka Waltz Fox Trot Lindy The Walk Other Forms.''

The plaintiff's purpose in applying for a building permit was to enlarge the facilities of the school and to make it economically feasible.   The garage was not an appropriate place because of the cement floor.

The judge concluded by finding that the dancing school is ''a commercial enterprise operated for personal profit.''

The by-law refers to ''Educational use'' in the ordinary sense.   *Needham* v. *Winslow Nurseries, Inc.* 330 Mass. 95, 99.   *Bendslev* v. *Commissioner of Pub. Safety,* 331 Mass. 261, 265.   *Marblehead* v. *Gilbert,* 334 Mass. 602, 604.   As was said of ''agricultural use'' in *Moulton* v. *Building Inspector of Milton,* 312 Mass. 195, 198, ''They are everyday words and should be interpreted 'according to the common and approved usages of the language . . . without enlargement or restriction and without regard to . . . [the court's] own conceptions of expediency.' *Commonwealth* v. *S. S. Kresge Co.* 267 Mass. 145, 148.''   *Foster* v. *Mayor of Beverly,* 315 Mass. 567, 569.   See *Lincoln* v. *Murphy,* 314 Mass. 16, 19.   The meaning of the phrase is a question of law for the court.   *Needham* v. *Winslow Nurseries, Inc., supra,* 99.

Of course, in a broad sense, anything taught might be considered, to a greater or less degree, educational. See *Langbein* v. *Board of Zoning Appeals of Milford,* 135 Conn. 575, 582. But the teaching of the various types of dances advertised by the plaintiff, with the possible exception of the classical ballet, can hardly be considered educational use in the ordinary sense. *Kesselring* v. *Bonnycastle Club, Inc.* 299 Ky. 585, 589. See *State* v. *Holekamp,* 151 S. W. (2d) 685, 689 (Mo. App.). There was no error in the ruling that the use was not educational. In the supplemental report the judge found that the school was a commercial enterprise operated for profit. *Industrial Technical Schs. Inc.* v. *Commissioner of Educ.* 330 Mass. 622, 624–625. *Worcester* v. *New England Inst. & New England Sch. of Accounting, Inc.* 335 Mass. 486, 495. See *People* v. *Kelly,* 255 N. Y. 396, 401; *Matter of Flagg,* 172 Misc. (N. Y.) 1048, 1051; *Medinets* v. *Hansen,* 31 N. J. Super. 102, *S. C.* 33 N. J. Super. 237. This finding was consistent with the other findings and must stand.

<div align="right">

*Decree affirmed.*