MELROSE-WAKEFIELD HOSPITAL ASSOCIATION & another[1] vs. BOARD OF APPEALS OF MELROSE & others.[2] No. 89-P-1273. August 28, 1991. *Zoning*, Hospital. *Municipal Corporations*, By-laws and ordinances. *Words*, "Hospital."

Although medical office facilities are generally now considered integral to the operation of a hospital, *Pellegrino* v. *City Council of Springfield*, 22 Mass. App. Ct. 459, 465-466 (1986), a judge of the Land Court ruled that the word "hospital," as defined in the Melrose zoning ordinance, precluded the construction, as matter of right, of a medical office building ancillary to a hospital. The case had come to the Land Court on an appeal by the proponents of the project from a decision adverse to them by the board of appeals of Melrose (it revoked two building permits which the building commissioner had granted). As the material facts were undisputed, the case was presented on cross motions for summary judgment. The Land Court judge rendered summary judgment for the defendants. Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). We affirm.

The project in question was a proposal of Melrose-Wakefield Properties, Inc. ("Properties"),[3] for a three-story building located on land belonging to Melrose-Wakefield Hospital Association ("the Hospital"). That building was to contain office suites, which would accommodate up to fourteen physicians and "related ancillary equipment to be designed by the occupants." Plans called for a connecting corridor to the principal hospital building.

In giving content to the word "hospital" in *Pellegrino* v. *City Council of Springfield, supra*, we dealt with a zoning ordinance which did not define the term. *Id.* at 463. We considered the manner in which the building in that case was integrated with the Baystate Medical Center and findings made by the trial judge that current practice in hospital administration was to make available office facilities for hospital staff physicians. What

___

[1]Melrose-Wakefield Properties, Inc.

[2]The planning board of Melrose and eleven named residents of Melrose who had before the board of appeals of Melrose successfully challenged the grant of two building permits to Melrose-Wakefield Properties, Inc.

[3]In their complaint in the Land Court, Properties and the Hospital describe themselves as "sister corporations."

differentiates the Melrose zoning ordinance is that it expressly defines the word "hospital" and does so, thus: "A building providing, among others, 24-hour in-patient services for persons admitted thereto for the diagnosis, medical, surgical or restorative treatment or other care of human ailments, including a sanitarium and clinic." The structure Properties seeks to build does not contain space and facilities for in-patient care around the clock; it is designed for medical office suites. As such, it is not a "hospital" in the restrictive fashion in which Melrose has chosen to define the term in its zoning ordinance. When a municipality has defined terms expressly in its zoning code, a court may not enlarge that definition with its "own conceptions of expediency." See *Commonwealth* v. *S.S. Kresge Co.*, 267 Mass. 145, 148 (1929); *Kurz* v. *Board of Appeals of N. Reading*, 341 Mass. 110, 112 (1960). When construing a zoning provision, as any other legislation, we are not to regard words in the statute as superfluous and we are to give language a sensible meaning read in context. *Hebb* v. *Lamport*, 4 Mass. App. Ct. 202, 207 (1976).

Not only has the Melrose zoning code defined "hospital" restrictively, that code also establishes separate use categories called "medical center including accessory medical research and associated facilities" and "miscellaneous professional . . . offices and services including . . . medical . . . offices." The combination of the restrictive definition of the word "hospital" and the expressly separate categories for medical office buildings persuades us that the Land Court judge rightly decided the proposal of Properties was, under the Melrose zoning ordinance, not a hospital use but a professional office use, with such zoning limitations (e.g., a higher parking requirement) as flow from that use category.

*Judgment affirmed.*

*Brian M. Hurley* for the plaintiffs.

*Shelley M. Draper* for Kenneth Meharg.

*John T. Cinella, Jr.* (*Myra S. Lyons* with him) for Board of Appeals of Melrose.