Butler, J.
INTRODUCTION
This matter is before the court on the parties’ cross-motions for summary judgment. In September 1993, Dial Away Co., Inc. (Dial Away) applied for a building permit to construct a single-family residence on its 5,023-square-foot parcel of land located in Auburn, Massachusetts. The Building Inspector denied the application, and the Town of Auburn’s Zoning Board of Appeals (the Board) affirmed the Inspector’s decision. The Board also denied Dial Away’s application for a variance. Plaintiff Dial Away subsequently appealed to this court. (Mass. Gen. L. c. 40A, §17). For the reasons discussed below, plaintiffs motion for summary judgment is Allowed.
FACTS
The undisputed facts as established by the summary judgment record are as follows. In July 1969 Dial Away purchased a 5,023-square-foot parcel of land with a dwelling and a detached garage thereon, located at 274 Oxford Street in Auburn, Massachusetts. In 1969 the Town of Auburn granted a permit to demolish the dwelling and Dial Away proceeded to raze it. On March 5, 1990, Dial Away applied for and received a permit to demolish the garage on the property. Since Dial Away razed the garage in 1990, the land has remained vacant.
In September 1993, Dial Away applied for a building permit to construct a single-family dwelling on the property. The Town of Auburn’s Zoning Board of Appeals upheld the decision of the Building Inspector not to issue a permit, finding that (1) the dwelling and garage became “grandfathered,” nonconforming structures when the property became subject to amended zoning by-laws in 1947; (2) the structures were razed and abandoned in 1990; and (3) the structures lost their “grandfathered,” nonconforming status because Dial Away failed to rebuild them within two years. The Board also declined to issue a variance, finding that the property comprised approximately fifty percent (50%) of the square footage required under the current Town of Auburn Zoning by-laws.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving parly is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nal’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
This court’s primary task in construing local zoning regulations is to determine the intent of the legislative body which enacted the regulation in question, and to avoid, if possible, negating that intent. Board of Appeals of Hanover v. Housing Appeals Comm., 363 Mass. 339, 354-55 (1973). Dial Away argues that the Town of Auburn Zoning By-Law 8.[1] (1993) in conjunction with paragraph four of M.G.L.c. 40A, §6* should govern the decision in this case. The Board contends that the applicable sections are M.G.L.c. 40A, §6 paragraphs 1 and 3[2] and the Town of Auburn Zoning By-Laws 8.2-8.3 (1993) (nonconforming uses and nonconforming structures, respectively).
Paragraphs one and three of Mass. Gen. Laws c. 40A, §6 apply current zoning provisions to nonconforming uses and structures. In contrast, paragraph four involves the applicability of current zoning regulations to nonconforming lots. Neither the enabling act, M.G.L.c. 40A, §6, nor the Town of Auburn Zoning By-Laws define these terms. “In the absence of an express definition, the meaning of a word or phrase used in a local zoning enactment is a question of law . .. and is to be determined by the ordinary principles of statutory construction.” Framingham Clinic, Inc. v. Zoning Bd. of Appeals of Framingham, 382 Mass. 283, 290 (1981) (citing Kurz v. Bd. of Appeals ofN. Reading, 341 Mass. 110 (I960)).
Provisions of a zoning enactment should be read in the context of the law as a whole and interpreted according to common and approved usage. Framing-ham, supra, 382 Mass, at 290; see Commonwealth v. Zone Book, Inc., 372 Mass. 366, 369 (1977) (as long as consistent with statutory purpose). The court can derive a term’s usual and accepted meaning from sources presumably known to the statute’s enactors, such as a dictionary definition. Commonwealth v. Zone, supra, 372 Mass, at 369. In the absence of statutory direction, this court is persuaded that the property in issue, devoid of all buildings since 1990, falls within the ambit of the common and approved usage of the term “lot” for purposes of paragraph four of M.G.L.c. 40A and Town of Auburn By-Law 8.1.[3]
More specifically, the Dial Away property is appropriately characterized as a nonconforming lot under current zoning laws. Black’s Law Dictionary defines “nonconforming lot” as “[a] lot the area, dimension or location of which was lawful prior to the adoption, revision or amendment of a zoning ordinance, but now fails to conform to the requirements of the zoning district in which it is located by reason of such adop *155 tion, revision, or amendment.” Black’s Law Dictionary 948 (5th ed. 1979). The Dial Away properly, which was a conforming lot in 1945, became nonconforming in 1947 when the Town of Auburn Zoning By-Laws were amended to require a minimum lot area of 7,500 square feet for the purpose of building a single-family dwelling. The lot remains nonconforming today, as current by-laws require 10,000 square feet for this purpose. Because this court characterizes the Dial Away property as a nonconforming lot, paragraph four of c. 40A, §6 and Town of Auburn Zoning By-Law 8.1 are applicable.[4]
Upon analysis, it is apparent that the property meets the requirements of the Town of Auburn Zoning By-Laws 8.1, which provides:
8.1Nonconforming Lots. Any lot which complied with the minimum area, frontage, and lot width requirements, if any, in effect at the time the boundaries of the lot were defined by recorded deed or plan may be built upon or used for single-family residential use, notwithstanding the adoption of new or increased lot area, frontage or lot width requirements, provided that:
8.1.1 At the time of the adoption of such new or increased requirements or while building on such lot was otherwise permitted, whichever occurs later, such lot was held, and has continued to be held, in ownership separate from that of adjoining land; and
8.1.2 The lot had at least 5,000 square feet of area and 50 feet of frontage at the time the boundaries of the lot were defined; and
8.1.3 Any proposed structure is situated on the lot so as to conform with the minimum yard requirements, if any, in effect at the time the boundaries of such lot were defined. In the case where no minimum yard requirements were in effect at the time the boundaries of such lot were defined, the minimum front yard shall be 20 feet and the minimum side and rear yards shall be 10 feet.
The property has always been held in common ownership and has always had 5,023 square feet of area and at least fifty feet of frontage. Dial Away’s proposal for the single-family dwelling, which was submitted to the Building Inspector and the Board, conforms to the minimum yard requirements of 20 feet for the front yard and 10 feet for the side and rear yards. Because the lot complied with the zoning requirements in 1944 when the property was deeded to the previous owners, By-law 8.1 permits Dial Away to use the lot for a single-family residence[5] despite current zoning bylaws which require 10,000 square feet and 100 feet of frontage.[6]
The burden is on the applicant to demonstrate before this court that it is entitled to a building permit. Framingham Clinic, supra, 382 Mass, at 297 (citing Parrish v. Board of Appeals of Sharon, 351 Mass. 561, 567-68 (1967)). Upon such a showing, the court must issue a permit “as a matter of duty, not discretion,” and an order that a permit issue is appropriate. Id. (cites omitted). The pleadings, affidavits, and exhibits in the summary judgment record demonstrate that Dial Away has satisfied its burden.[7] Accordingly, plaintiffs motion for summary judgment is Allowed.
ORDER
For the foregoing reasons, this court annuls the decision of the Town of Auburn’s Zoning Board of Appeals and orders the defendants to issue a building permit for construction of the proposed single-family dwelling on Dial Away’s lot in Auburn, Massachusetts.

As established by St. 1979, c. 808, §3 and amended by St. 1979, c. 106. The fourth paragraph of M.G.L.c. 40A, §6 provides in relevant part: “Any increase in area, frontage, width, yard, or depth requirements of a zoning ordinance or by-law shall not apply to a lot for single and two-family residential use which at the time of recording or endorsement, whichever occurs sooner was not held in common ownership with any adjoining land, conformed to then existing requirements and had less than the proposed requirement but at least five thousand square feet of area and fifty feet of frontage.”

Paragraph One of M.G.L.c. 40A, §6 provides: “Except as hereinafter provided, a zoning ordinance or by-law shall not apply to structures or uses lawfully in existence or lawfully begun, or to a building or special permit issued before the first publication of notice of the public hearing on such ordinance or by-law required by section five, but shall apply to any change or substantial extension of such use, to a building or special permit issued after the first notice of said public hearing, to any reconstruction, extension or structural change of such structure and to any alteration of a structure begun after the first notice of said public hearing to provide for its use for a substantially different purpose or for the same purpose in a substantially different manner or to a substantially greater extent except where alteration, reconstruction, extension or structural change to a single or two-family residential structure does not increase the nonconforming nature of said structure. Pre-existing nonconforming structures or uses may be extended or altered, provided, that no such extension or alteration shall be permitted unless there is a finding by the permit granting authority or by the special permit granting authority designated by ordinance or by-law that such change, extension or alteration shall not be substantially more detrimental than the existing nonconforming use to the neighborhood . . .”
Paragraph three of M.G.L.c. 40A, §6 provides: “A zoning ordinance or by-law may define and regulate nonconforming uses and structures abandoned or not used for a period of two years or more.”

A “lot” is defined, in relevant part, as “(a]ny portion, piece, division or parcel of land.” Black’s Law Dictionary 853 (5th ed. 1979).

Defendants argue that paragraph four does not apply. In support of their argument, defendants rely on Willard v. Board of Appeals of Orleans, 25 Mass.App.Ct. 15, 18 (1987), which states that nothing on the face of the fourth paragraph suggests that the Legislature intended it to apply “to anything but vacant land.” (Emphasis added.) Defendants assert that the Dial Away property, devoid of all structures since 1990, cannot be considered “vacant” because at an earlier point in time the lot housed a dwelling and a garage. The court rejects this contention. There is nothing in Willard or in the statute which supports defendants’ assertion that the Dial Away is not “vacant." Thus, Willard is not controlling, and paragraph *156 four is indeed applicable. For these reasons, the court rejects defendants’ first affirmative defense, which attempts to construe the proposed single-family dwelling as a nonconforming use or structure for purposes of paragraphs one and three of M.G.L.c. 40A, §6, and §8.2-8.3 of the Town of Auburn Zoning By-Laws.

The original dwelling was a single-family residence in 1945. In 1993, Dial Away applied for a building permit to construct a new single-family dwelling, the denial of which led to the commencement of this action. Although the land has lain vacant since 1990, there is nothing in the record to contradict the assertions of Dial Away’s sole owner and president, Martin Israel, that he had always intended to build another single-family residence on the lot but that he decided to forestall construction until sewers were installed. In fact, Dial Away has been paying a sewer betterment assessment on a yearly basis. See Aff. of Martin Israel.

It is not necessary to determine if Dial Away has complied with every requirement set out in M.G.L.c. 40A, §6, ¶4. Unlike Town of Auburn Zoning By-laws 8.2-8.3 which state that the requirements of §6 “shall apply," by-law 8.1 makes no such reference. See Town of Auburn Zoning By-law 8.1, supra. Nonetheless, this result comports with the decision in the landmark case, Sturges v. Chilmark, 380 Mass. 246, 261 (1980), acknowledging that M.G.L.c. 40A, §6 is concerned with protecting once valid lots from being rendered unbuildable for residential purposes as long as the lot meets modest minimum area (5,000 square feet) and frontage (50 feet) requirements.

Because this court is issuing an order granting Dial Away a building permit, it is not necessary to address the merits of defendants’ second affirmative defense (asserting that plaintiff is not entitled to a variance under M.G.L.c. 40A, §10).