JUDGE TAUBMAN,
concurring in part and dissenting in part.
¶ 32 This case involves the Aurora City Council’s (City Council) approval of a rezoning application allowing the development of a convenience store/gas station and the challenge to that approval by Rangeview Estates and two neighbors, Pamela Eades and John Sellery (collectively Rangeview plaintiffs). Rangeview raised two issues on appeal, arguing that the City Council abused its discretion by rezoning the property without it meeting the requirements of an “infill development parcel” as defined in the municipal code and by approving the site plan without it including an outdoor gathering space required by Aurora’s new Sustainable Infill Redevelopment (SIR) zoning district.
¶ 33 Standing is a threshold issue that must be satisfied to decide a case on the merits. Ainscough v. Owens, 90 P.3d 851, 855 (Colo. 2004). To establish standing, a plaintiff *453 must have suffered an injury in fact, and this harm must have been to a legally protected interest. Id. A legally protected interest “emanates from a constitutional, statutory, or judicially created rule of law that entitles the plaintiff to some form of judicial relief.” Bd. of Cty. Comm’rs v. Bowen/Edwards Assocs., 830 P.2d 1045, 1053 (Colo. 1992).
¶ 84 I agree with the majority’s conclusion that standing may be based on information contained in the record, together with the allegations of the complaint. See id. Under this approach, I conclude that the Rangeview plaintiffs have standing to argue that the City Council abused its discretion in rezoning the property to an SIR district when the property does not meet the requirements of an infill development parcel as defined in the Aurora Municipal Code.
¶ 35 As to the outdoor gathering space issue, I agree that the Rangeview plaintiffs allege they had a legally protected interest because Eades and Sellery live very close to the proposed convenience store/gas station, and Rangeview Estates is also located nearby. However, I respectfully disagree with the majority that the Rangeview plaintiffs have standing to raise the issue of the failure to include an outdoor gathering spaee at the convenience store/gas station because the Rangeview plaintiffs have not alleged an injury in fact to a legally protected interest.
¶ 36 The complaint alleges that the convenience store/gas station plan fails to include an outdoor gathering space; however, the complaint contains no allegations that the Rangeview plaintiffs will be harmed in any way by this failure.
¶ 37 Looking beyond the four corners of the complaint, while some testimony at the hearing before City Council noted generally that the proposed convenience store/gas station did not comply with any of the eight SIR zoning district standards or goals, the Rangeview plaintiffs presented no testimony whatsoever indicating that they would be harmed by the lack of an outdoor gathering spaee. Although one neighbor of the Range-view plaintiffs testified before the City Council about the failure to comply with the outdoor gathering space provision, he did not note that any harm would result from the failure of the developer to provide an outdoor gathering space. Significantly, this issue was not raised at all by the Rangeview plaintiffs at the earlier hearing before the zoning commission. Therefore, in my view, neither the record nor the complaint contains sufficient evidence to accord standing to the Range-view plaintiffs on this issue.
¶ 38 Standing is not conveyed by any injury that is overly “indirect and incidental” to a defendant’s action. Ainscough, 90 P.3d at 856 (citation omitted). Although usually injury is alleged in terms of physical damage or economic harm, it is sufficient to allege harm based on aesthetic issues. Id. In Reeves v. City of Fort Collins, 170 P.3d 850, 854 (Colo. App. 2007), a division of this court held that an individual living eight blocks from a development had standing to challenge a city council’s characterization of interior living floors of the development project and a rooftop penthouse as mezzanines, thus avoiding the height restrictions of the local zoning code. Similarly, in Wells v. Lodge Properties, Inc., 976 P.2d 321, 324 (Colo. App. 1998), a division of this court held that a property owner had standing to challenge a development project that she alleged would obstruct her views and limit her access to open space. In these decisions, unlike the circumstances presented here, there was a specific allegation that a property owner would be harmed not only by the approval of a development project, but by the specific provision that the property owner challenged.
¶ 39 Here, the Rangeview plaintiffs could easily have alleged that their interest in aesthetic issues in its neighborhood would be harmed by the lack of outdoor gathering space. However, they did not do so. Neither the Rangeview plaintiffs nor the majority points to anywhere in the record where the Rangeview plaintiffs allege that they would suffer aesthetic harm, or any type of harm, by the lack of outdoor gathering space.
¶ 40 A treatise on zoning notes that “to be an aggrieved person one must establish a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest that would concern all members of the community.” 4 *454 E.C. Yokley, Zoning Law and Practice § 24-3(a) (4th ed. 2011). Decisions of courts in other jurisdictions have concluded that a plaintiff must allege specific harm resulting from a zoning board decision. See Valcourt v. Zoning Bd. of Appeals, 48 Mass.App.Ct. 124, 718 N.E.2d 389, 392 (1999) (to have standing to appeal a decision of the zoning board, a plaintiff must offer specific facts to establish perceptible harm); Shelter Island Ass’n v. Zoning Bd. of Appeals, 57 A.D.3d 907, 869 N.Y.S.2d 615, 617 (2008) (petitioner’s generalized allegations of increased traffic and the effect on the water table resulting from the addition of one or two tenants to the subject property are insufficient to establish standing); Friends of the Rappahannock v. Caroline Cty. Bd. of Supervisors, 286 Va. 38, 743 S.E.2d 132, 138 (2013) (proximity alone is insufficient to plead justiciable interest in appealing land-use decision; to demonstrate standing, complaint must also allege sufficient facts showing harm to some personal or proprietary right different from that suffered by the public generally).
¶ 41 Accordingly, I do not believe that the Rangeview plaintiffs alleged that they had suffered any injury in fact. In sum, while I agree with the majority’s resolution of the second issue, I would dismiss the Rangeview plaintiffs’ first issue for lack of standing.