Patrick A. REEVES, Plaintiff–Appellant,

v.

CITY OF FORT COLLINS and Council of the City of Fort Collins, Defendants–Appellees.

No. 06CA1623.

Colorado Court of Appeals, Div. V.

Oct. 4, 2007.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2007.

Adam T. Reeves, Durango, Colorado, for Plaintiff–Appellant.

Stephen J. Roy, City Attorney, Fort Collins, Colorado, for Defendants–Appellees.

Opinion by Chief Judge DAVIDSON.

In this action seeking review of a decision by defendants, the City of Fort Collins and the Council of the City of Fort Collins, approving an application for a land use development project, plaintiff, Patrick A. Reeves, who lives eight blocks from the proposed development, appeals from the district court's order dismissing his complaint for lack of standing. We reverse.

In 2005, Mikal S. Torgerson, not a party here, applied for City approval to build a development project known as the Cherry Street Station Development Plan. An administrative hearing officer presided over the hearing to consider Torgerson's request and, in accordance with procedures governing approval of development projects set forth in the City's Land Use Code (LUC) and Municipal Code, Reeves participated in the hearing and submitted comments in opposition to the project.

The hearing officer subsequently denied approval of the project based on his determination that the proposed building exceeded the maximum height allowance set forth in the LUC. Torgerson filed an appeal with the City Council under the relevant provisions of the LUC and the Municipal Code. After holding a hearing in which Reeves participated, the City Council overturned the decision of the administrative hearing officer and approved the development project.

Reeves timely sought review of the City Council's decision by filing this action for judicial review in district court pursuant to C.R.C.P. 106(a)(4) and section 13–51.5–103, C.R.S.2007 (requiring expeditious filing of administrative records in judicial review of land use decisions brought under C.R.C.P. 106). Reeves's complaint alleged that the City's approval of the project was arbitrary and capricious and an abuse of discretion because the City failed to properly interpret and apply the height requirements of the LUC.

The City moved to dismiss the complaint, asserting that Reeves lacked standing because his alleged injury was to aesthetic interests, which, according to the City, are not legally protected. After Reeves filed a response in opposition, the district court granted the City's motion and dismissed the complaint. In agreeing with the City, the district court determined that Reeves's aesthetic interests were not legally protected and that he had no other legally protected interest because he was neither the applicant nor an adjacent property owner, and his property was not within the 750–foot "notice area" set forth in the LUC.

On appeal, Reeves contends that the district court's dismissal of his complaint based on lack of standing was erroneous as a matter of law. We agree.

■ In resolving the issue of standing, a court must accept as true the plaintiff's factual allegations and may weigh other evidence supportive of standing. *See Dunlap v. Colo. Springs Cablevision, Inc.,* 829 P.2d 1286, 1289 (Colo.1992). Because standing is a question of law, we review the issue de novo. *Ainscough v. Owens,* 90 P.3d 851, 856 (Colo.2004).

■ A plaintiff has standing if he or she has suffered an injury in fact to a legally protected interest. An interest is legally protected if the constitution, common law, or a statute, rule, or regulation provides the plaintiff with a claim for relief. A plaintiff establishes an injury in fact by alleging facts that show the defendant caused harm to the plaintiff's legally protected interest. *See*

*Ainscough,* 90 P.3d at 854–58; *Wimberly v. Ettenberg,* 194 Colo. 163, 168, 570 P.2d 535, 539 (1977).

## I. Standing Under C.R.C.P. 106(a)(4) and Section 13–51.5–103

■ Initially, we do not agree with Reeves's contention that either C.R.C.P. 106(a)(4) or section 13–51.5–103, ipso facto, provides standing to seek review to any individual who, like Reeves, alleges that he or she has been aggrieved by an arbitrary or illegal quasi-judicial decision.

Reeves points out that C.R.C.P. 106(a)(4) and section 13–51.5–103 provide for district court review of a quasi-judicial decision by a governmental body without reference or limitation as to who may seek such relief. However, by the plain language of the rule and the statute, neither confers any legally protected interest for purposes of establishing standing. Rather, they simply establish the procedures for seeking review of those matters when standing otherwise independently exists. *See Cloverleaf Kennel Club, Inc. v. Colo. Racing Comm'n,* 620 P.2d 1051, 1055–59 (Colo.1980) (looking to licensing statute rather than C.R.C.P. 106(a)(4) to determine whether complainant had a legally protected interest); Ch. 78, sec. 1(c), 1997 Colo. Sess. Laws 213 (purpose of sections 13–51.5–101 to –103 is only to provide more expeditious disposition of land use decisions being reviewed under C.R.C.P. 106(a) ). Accordingly, there must be a provision in the constitution, common law, or a statute, regulation, or code, independent of C.R.C.P. 106(a)(4) and section 13–51.5–103, that confers upon a plaintiff a legally protected interest.

## II. Standing Under the LUC and Municipal Code

Reeves contends that, like applicants (and adjacent landowners under common law), under the LUC and Municipal Code, he has an independently created legally protected interest in ensuring that the City's decision complies with applicable zoning regulations. We agree and conclude that, under the circumstances here, Reeves has standing to seek judicial review under the provisions of the LUC and Municipal Code.

### A. Applicants

According to the LUC and Municipal Code, applicants for development project approval have standing to seek review of allegedly unlawful decisions regarding development project applications. The LUC sets forth procedures that allow an individual to apply for development project approval. *See* Fort Collins Land Use Code §§ 2.1.2, 2.4.2. The LUC also authorizes appeals of development project decisions to the City Council according to the appellate procedures set forth in the Municipal Code. *See* Fort Collins Land Use Code § 2.2.12; Fort Collins Mun. Code §§ 2–46(1), 2–47. Furthermore, the section of the Municipal Code governing appeals of development project decisions specifically recognizes the possibility of judicial appeals following the City Council's decision. *See* Fort Collins Mun.Code § 2–57(e) ("The date of passage of [the City Council's decision] shall be the date of final action ... for the purpose of any subsequent judicial review of the decision of the City Council.").

■ Thus, the LUC and Municipal Code confer upon an applicant a personal, legally protected interest in ensuring the lawfulness of approval or denial decisions. *Cf. Baltimore & Ohio R.R. v. United States (Chicago Junction Case),* 264 U.S. 258, 267–68, 44 S.Ct. 317, 68 L.Ed. 667 (1924) (party to administrative action has a legal interest in seeking redress of an illegal order); *Ainscough,* 90 P.3d at 857 (applicants for discretionary governmental benefits have a legally protected interest in the nonarbitrary exercise of discretion in awarding or denying those benefits); *Cloverleaf Kennel Club, Inc.,* 620 P.2d at 1059 (statute conferred upon license applicants a legal interest to challenge a wrongful license decision); *Wimberly,* 194 Colo. at 169, 570 P.2d at 539 (statute conferred upon criminal defendants a legal interest to challenge the statutory provision regarding bail bonds).

### B. "Parties in Interest" Under the LUC and Municipal Code

■ In describing the process and procedures for appellate review of development

plan applications, the Municipal Code includes, in addition to applicants, a category of persons denominated "parties in interest." Fort Collins Land Use Code § 2.1.2; Fort Collins Mun.Code §§ 2–46(1)–(6), 2–47. There, "parties in interest" are described as persons or organizations who submit written comments to the administrative hearing officer; persons or organizations who appear at the initial hearing; persons or organizations holding a proprietary or possessory interest in the subject property; and persons entitled to receive written notice of the initial hearing, which, in the context of land development projects, constitutes those who own property less than 750 or 1,000 feet from the subject property (the requisite proximity depends on the type of development proposed). *See* Fort Collins Land Use Code § 2.2.6; Fort Collins Mun.Code § 2–46.

Exclusively in the development application process, the Municipal Code treats these "parties in interest" the same as applicants, giving all "parties in interest" the same rights of participation and appeal as applicants. *Compare* Fort Collins Mun.Code § 2–48(a) (expressly granting upon a "party in interest" the rights of appeal to the City Council), *with* Fort Collins Land Use Code § 2.11.2(H) (concerning administrative land use decisions other than development project applications, appeals to City Council are limited to persons "who possess a legal or equitable interest in the specific real property ... or who own or reside within real property ... which is located within 500 feet of the specific real property which is the subject of the decision").

Thus, by their plain terms, the LUC and Municipal Code include a class of individuals who otherwise may not have a legally protected interest under common law, as well as expand the class of individuals beyond those who have such a common law protected interest. *Compare* Fort Collins Mun.Code § 2–46(3) *and* Fort Collins Land Use Code § 2.2.6 (conferring legal interest upon those within 750 or 1,000 feet of subject development), *with Wells v. Lodge Props., Inc.,* 976 P.2d 321, 324 (Colo.App.1998) (recognizing, under common law principles, the legal interest of only adjacent landowners).

Therefore, we conclude that, as it concerns development project applications, the City intended in the LUC and the Municipal Code to confer upon a "party in interest," in addition to applicants, a legally protected interest in ensuring the lawfulness of a development project approval. *Cf. Baltimore & Ohio R.R. v. United States,* 264 U.S. at 268, 44 S.Ct. 317 (by treating an intervenor like a party in the administrative hearing process, the Interstate Commerce Commission impliedly determined that the intervenor had a legal interest in seeking redress for the injury inflicted by an illegal order); *O'Bryant v. Pub. Utils. Comm'n,* 778 P.2d 648, 654 (Colo.1989) (statute evidenced intent to confer upon members of the public a legally protected interest in ensuring that the Public Utilities Commission enforces its rules in a manner consistent with its statutory responsibilities); *Cloverleaf Kennel Club, Inc.,* 620 P.2d at 1059 (statute did not evidence any intent to confer upon nonapplicants a legal interest in legality of commission actions); *Wimberly,* 194 Colo. at 169, 570 P.2d at 539 (statute did not purport to vest any persons other than defendants in criminal cases with a legal interest in the proper determination of bail conditions, terms, or amounts).

### C. Reeves's Standing

■ We have determined that a "party in interest" to a development project application can establish standing to seek review of a development project decision by alleging facts showing that the decision was unlawful. This showing establishes the individual's injury in fact to his or her legally protected interest in ensuring the lawfulness of development project decisions. *See Ainscough,* 90 P.3d at 857.

Here, Reeves alleged in his complaint that he participated in the initial administrative hearing concerning the Cherry Street Station Development Project. He also alleged that he submitted comments before the hearing. Thus, under the LUC and Municipal Code, he is a "party in interest" to that development project application. *See* Fort Collins Land Use Code § 2.1.12; Fort Collins Mun. Code § 2–46(4) & (5).

Reeves further alleged that the City's approval of the project was unlawful, arbitrary and capricious, and an abuse of discretion because the City Council improperly interpreted the LUC by characterizing interior living floors of the project and a rooftop penthouse as "mezzanines," thus avoiding the Code's height restrictions. These allegations are sufficient to allege an injury in fact to a legally protected interest. Therefore, contrary to the district court's determination, we conclude that Reeves has standing to seek review of the City Council's decision.

Based on our disposition, we do not address Reeves's additional arguments in support of his standing, including his contention that the LUC intended to protect from injury his aesthetic and recreational interests.

The order of dismissal is reversed, and the case is remanded to the district court with directions to reinstate Reeves's complaint and for further proceedings as necessary.

Judge PLANK * and Judge KAPELKE *, concur.