**COLBORNE CORPORATION,**
Plaintiff–Appellant,

v.

Michael **WEINSTEIN,** Kenneth Major, **ManyMajors Management, Inc.,** and **Business Mechanics, Inc.,** Defendants–Appellees.

No. 09CA0724.

Colorado Court of Appeals,
Div. III.

Jan. 21, 2010.

Stone & Rosen, P.C., Andrew Rosen, Boulder, CO, for Plaintiff–Appellant.

Berg Hill Greenleaf & Ruscitti LLP, Giovanni M. Ruscitti, Heidi C. Potter, Jack P. Storti, Denver, CO, for Defendants–Appellees.

Opinion by Chief Judge DAVIDSON.

Plaintiff, Colborne Corporation (Colborne), is a creditor of Boulder Partnership, LLC (the LLC). Defendants ManyMajors Management, Inc. and Business Mechanics, Inc. (collectively managers) are the managers of the LLC. The managers' sole shareholders, officers, and directors are, respectively, defendants Kenneth Major and Michael Weinstein (collectively members), who are also the sole members of the LLC. Colborne brought this action against defendants seeking recovery of a debt of more than $200,000 under the Colorado Limited Liability Company Act, section 7–80–606, C.R.S.2009, and for breach of the common law fiduciary duty owed to creditors, alleging that the LLC's managers authorized, and its members accepted, distributions that rendered the LLC insolvent and were therefore unlawful. On defendants' motion, the trial court dismissed the complaint under C.R.C.P. 12(b)(5) for failure to state a claim. We reverse and remand.

In their motion to dismiss the complaint, defendants argued to the trial court that Colborne lacked standing to sue because the applicable statute, section 7–80–606, provides for liability "to the [LLC]," but not to creditors. Colborne responded that, despite the language of the statute, the court should follow, by analogy, Colorado case law allowing creditors to sue directors of a corporation under the similar language in section 7–108–403(1), C.R.S.2009, of the Colorado Business Corporations Act (Corporations Act), sections 7–101–101 to 7–117–105, C.R.S.2009.

In its ruling in favor of defendants, the court recognized that under Colorado case law, creditors are permitted to sue under the portion of the Corporations Act providing for liability for unlawful distributions "to the corporation." It also acknowledged that the common law provides a limited fiduciary duty on the part of officers and directors of an insolvent corporation to its creditors. However, because there was no appellate decision extending either the statutory interpretation or the common law limited fiduciary duty to members or managers of LLCs, the court determined that Colborne lacked standing to sue managers who authorized and members who accepted unlawful distributions from an insolvent LLC, and dismissed the case.

On appeal, Colborne argues that the trial court erred in dismissing for lack of standing both its statutory and breach of fiduciary duty claims. We agree, and therefore reverse and remand.

## I. Standard of Review

■ We review de novo the dismissal of a complaint for failure to state a claim as a matter of law. *Asphalt Specialties, Co. v. City of Commerce City*, 218 P.3d 741, 744–45 (Colo.App.2009); *Kreft v. Adolph Coors Co.*, 170 P.3d 854, 857 (Colo.App.2007).

In resolving the issue of standing, we accept as true the plaintiff's factual allegations and may weigh other evidence supportive of standing. *Reeves v. City of Fort Collins,* 170 P.3d 850, 851 (Colo.App.2007). Because standing is a question of law, we review the issue de novo. *Id.* (citing *Ainscough v. Owens,* 90 P.3d 851, 856 (Colo. 2004)).

We also review de novo a trial court's statutory interpretation. *Sperry v. Field,* 205 P.3d 365, 367 (Colo.2009). In interpreting statutes, we give effect to the legislature's intent. *Slack v. Farmers Ins. Exchange,* 5 P.3d 280, 284 (Colo.2000). In so doing, we look primarily at the statutory language employed by the General Assembly. *Colo. Dep't of Revenue v. City of Aurora,* 32 P.3d 590 (Colo.App.2001). We give consistent, harmonious, and sensible effect to the statutory scheme as a whole and avoid interpretations that lead to absurd results. *Renco Assocs. v. D'Lance, Inc.,* 214 P.3d 1069, 1071 (Colo.App.2009).

## II. Statutory Liability

A. Creditors as a group have standing to sue an LLC member who knowingly receives an unlawful distribution pursuant to section 7–80–606

Colborne argues that Colorado case law interpreting the language of the Corporations Act providing for directors' liability "to the corporation" to extend standing to sue to creditors should also apply to extend standing to creditors who sue members of an LLC under a statute providing for their liability "to the [LLC]." We agree.

The former Colorado Corporations Code, sections 7–1–101 to 7–10–114 (entire Code repealed when the Corporations Act was enacted effective July 1, 1994), provided as follows:

The directors of a corporation who vote for or assent to any distribution of assets of a corporation to its shareholders during the liquidation of the corporation without the payment and discharge of, or making adequate provision for, all known debts, obligations, and liabilities of the corporation *shall be jointly and severally liable to the corporation* for the value of such assets which are distributed, to the extent that such debts, obligations, and liabilities of the corporation are not thereafter paid and discharged.

§ 7–5–114(3), C.R.S.1973 (repealed 1993; comparable provision now codified at § 7–108–403, C.R.S.2009) (emphasis added).

In *Ficor, Inc. v. McHugh,* 639 P.2d 385, 393 (Colo.1982), the supreme court interpreted the former Code as permitting a corporation's creditors, and not only the corporation, to sue liable directors. Important to the court was that the statute's purpose was to protect creditors, and that the only reason to permit a liquidated corporation to recover the distributions was so that it could use the money to satisfy unpaid creditors. *Id.* Although the court noted that the purpose of providing the remedy to the corporation, rather than to the creditors, was to prevent a single creditor from recovering a fund that rightfully belonged to all similarly situated creditors, it held that the plaintiff there could sue individually because the record indicated there were no other unpaid creditors. *Id.* at 394. It reasoned that "denying creditors [standing] would substantially undercut the efficacy of this statute" because those who might sue on the corporation's behalf have little incentive to do so when the corporation has been dissolved, especially when they may have benefitted from the wrongdoing. *Id.*

In 1990, after the *Ficor* decision, the legislature passed the Colorado Limited Liability Company Act (LLC Act), sections 7–80–101 to –1101, C.R.S.2009. The LLC Act provides that a member who knowingly receives a distribution that renders the LLC insolvent "shall be liable to the [LLC]." § 7–80–606(2), C.R.S.2009. The LLC Act also provides that the case law applicable to corporations regarding personal liability of members is also applicable to LLCs, at least in the context of piercing the corporate veil. § 7–80–107(1), C.R.S.2009.

In 1993, the legislature repealed the Colorado Corporations Code and enacted the Corporations Act. Former section 7–5–114(3) was comparable to the current section 7–108–403, which extends liability to include unlawful distributions made at any time during a

corporation's existence, not only those made during dissolution, but preserves the "liable to the corporation" language. A division of this court has interpreted the Corporations Act to continue to grant creditors standing to sue. *Paratransit Risk Retention Group Ins. Co. v. Kamins*, 160 P.3d 307 (Colo.App.2007).

Colborne cites the rule of statutory interpretation set forth in *Vaughan v. McMinn*, 945 P.2d 404, 409 (Colo.1997), that the legislature is presumed to be aware of judicial precedent when it legislates in the area of that precedent and, thus, if it uses particular language subsequent to judicial decisions interpreting that language, it is presumed to adopt the interpretation of the existing case law. Colborne thus asserts that, because the LLC Act was passed after *Ficor*, the legislature intended that "liable to the [LLC]" be interpreted as conferring standing on both the LLC itself and on the LLC's creditors.

Defendants disagree, urging that the *Vaughan* rule applies only to amendments and reenactments of the same statute (here, the Corporations Code and the Corporations Act). However, although we recognize that the rule generally only applies when a court interprets an amended or reenacted version of the same statute to which the original judicial interpretation applied, we agree with Colborne. We apply the rule here for three reasons: the Corporations Act and the LLC Act are closely related legislative schemes that frequently, as here, employ identical language; the legislature's directive to apply case law applicable to corporations in determining personal liability indicates the legislature considered, and accepted, the case law applicable to corporations in drafting the LLC Act; and the reasoning for extending standing to creditors is just as applicable to an LLC as it is to a corporation.

Here, as in *Ficor* and *Paratransit*, the purpose of the provision for personal liability is to protect creditors. *See Ficor*, 639 P.2d at 393. Also, as in *Paratransit*, the unpaid creditor has brought the action against all managers and members of a closely held entity. *See Paratransit*, 160 P.3d at 311. Weinstein and Major are the sole members of the LLC and the sole directors and shareholders of the manager corporations. They are both alleged to have authorized (through their corporations) and received the illegal distributions, and accordingly have no incentive to sue themselves on behalf of the LLC.

■ To hold that creditors have no standing to sue in such circumstances would, as in *Ficor*, substantially undercut the purpose of a statute enacted to protect creditors from self-dealing managers and members. Further, when interpreting statutes, we presume that the legislature did not intend to create a safe harbor for deceit. *See Water, Waste & Land, Inc. v. Lanham*, 955 P.2d 997, 1003 (Colo.1998); *Sheffield Services Co. v. Trowbridge*, 211 P.3d 714, 720 (Colo.App.2009). Moreover, the LLC Act does not extend the insulation of limited liability beyond what is provided by the corporate form. *Water, Waste & Land, Inc.*, 955 P.2d at 1003; *Sheffield Services Co.*, 211 P.3d at 721. Accordingly, we conclude that creditors of an LLC, as a group, have standing to sue an LLC member who knowingly receives an unlawful distribution pursuant to section 7–80–606.

B. Accepting the allegations as true and viewing them in Colborne's favor, Colborne has standing to sue under section 7–80–606

Defendants, noting that the *Ficor* and *Paratransit* cases extended standing to all creditors as a group and not to individual creditors, argue that, alternatively, we should affirm the dismissal because Colborne did not file suit on behalf of all creditors and did not expressly allege in the complaint that it was the only unpaid creditor. We do not agree.

Neither the *Ficor* nor the *Paratransit* plaintiffs sued on behalf of all unpaid creditors, but each case held the plaintiffs had standing because it appeared from the record that they were the only unpaid creditors. *See Ficor*, 639 P.2d at 392; *Paratransit*, 160 P.3d at 314. Here, while Colborne did not specifically allege the absence of other creditors, it is not clear from the record that other creditors exist. Furthermore, in determining standing at this early stage of the litigation, a court is to draw all inferences in Colborne's favor. *See Public Service Co. v.*

*Van Wyk,* 27 P.3d 377, 387–86 (Colo.2001) (dismissal for failure to state a claim is proper only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief); *Reeves,* 170 P.3d at 851.

To deny Colborne relief simply because it failed to expressly state that it is the only unpaid creditor, when there is nothing in the record at this time to indicate that it is not, would frustrate the underlying policy of protecting creditors while doing nothing to advance the policy of assuring that other, similarly situated creditors are treated equally. *See Ficor* 639 P.2d at 394; *Paratransit,* 160 P.3d at 314. This generous reading of the allegations, required by the present posture of the case, seems to us especially appropriate when, as here, defendants, but not Colborne, are in the position of knowing whether any other unpaid creditors exist.

We further note that, contrary to defendants' assertion, the relevant inquiry is not whether Colborne was the only existing creditor at the time of the distributions, but whether it is the only creditor who presently remains unpaid. *See Ficor,* 639 P.2d at 394.

Accordingly, we conclude that the trial court erred in dismissing Colborne's statutory claim for lack of standing. We express no opinion as to the status of that standing, or as to Colborne's ability to further amend its complaint, if, on remand, defendants present evidence that other unpaid creditors exist.

### III. Common Law Liability

We agree with Colborne that the limited fiduciary duty which directors of insolvent corporations have to the corporation's creditors also extends to managers of LLCs.

When a corporation becomes insolvent, there arises in its directors and officers a duty to the corporation's creditors. *Alexander v. Anstine,* 152 P.3d 497, 502 (Colo. 2007) (citing *Crowley v. Green,* 148 Colo. 142, 147–48, 365 P.2d 230, 232–33 (1961)). Although the duty is often spoken of as a fiduciary one, it does not encompass the full scope of the fiduciary duties owed by officers and directors to shareholders but instead only requires directors and officers to avoid favoring their own interests over creditors' claims. *Id.*

Here, the trial court dismissed Colborne's common law claim because no Colorado cases imposed this duty upon managers of LLCs, but only upon officers and directors of corporations. However, after the court dismissed the case, in *Sheffield,* 211 P.3d 714, a division of this court extended the limited fiduciary duty to managers of LLCs. Colborne argues that we should follow *Sheffield* and reverse the trial court's dismissal of the common law claim.

In response, defendants do not contend that *Sheffield* was wrongly decided, but assert that the decision changes nothing here because, although the complaint alleges that they breached their fiduciary duty not to make distributions that would render the LLC unable to meet its financial obligations to Colborne, it does not explicitly allege that the managers favored their interests over Colborne's.

We disagree with defendants. Colborne was not required to describe its claim with exactly the same words used in *Anstine. See* C.R.C.P. 8 (notice pleading). Here, the complaint alleged that the managers were solely owned and controlled by the members, who acted through the managers, and that "the distributions authorized by the managers rendered the LLC unable to meet its financial obligations." We conclude this allegation, that the managers chose to pay themselves knowing such payment rendered the LLC incapable of paying its creditors, is sufficient to state a claim that the managers favored their own interests over those of the LLC's creditors. Accordingly, *Sheffield* applies.

### IV. Conclusion

We conclude that creditors, as a group, have standing to sue members of an LLC under section 7–80–606. We also conclude, in accordance with *Sheffield,* that managers of insolvent LLCs owe the LLC's creditors a limited fiduciary duty to abstain from favoring their own interests over those of the creditors. Having reviewed the allegations of the amended complaint in the light most

favorable to Colborne, we further conclude that it has adequately stated both its statutory and common law claims.

Accordingly, we reverse the judgment of dismissal and remand the case for further proceedings consistent with this opinion.

NEY * and NIETO *, JJ., concur.