2013 CO 33

**Michael WEINSTEIN; Kenneth Major; Manymajors Managements, Inc.; and Business Mechanic, Inc., Petitioners**

v.

**COLBORNE FOODBOTICS, LLC., Respondent**

**Supreme Court Case No. 10SC143**

Supreme Court of Colorado.

June 10, 2013

Attorneys for Petitioners: Berg Hill Greenleaf & Ruscitti LLP, Giovanni M. Ruscitti, Heidi C. Potter, Jack P. Storti, Boulder, Colorado

Attorneys for Respondent: Stone & Rosen, P.C., Andrew Rosen, Graham Fuller, Boulder, Colorado

CHIEF JUSTICE BENDER delivered the Opinion of the Court.

¶ 1 In this appeal, we review a court of appeals' decision concerning whether the creditors of a limited liability company (LLC) may sue individual members and managers of the LLC. *Colborne Corp. v. Weinstein*, 304 P.3d 570, No. 09CA0724, 2010 WL 185416 (Colo.App. Jan. 21, 2010).

¶ 2 The plaintiff, a creditor of a Colorado LLC, sued claiming that the LLC's managers authorized a distribution to the LLC's members that rendered the LLC insolvent and left it unable to pay the plaintiff. The plaintiff asserted a statutory claim for receiving an unlawful distribution in violation of section 7–80–606, C.R.S. (2012) against the LLC's members and a common law claim for breach of fiduciary duty against its managers. The defendants moved to dismiss both claims, arguing that the creditor had neither a right to sue for unlawful distribution under section 7–80–606 nor a right to assert a claim for violation of fiduciary duty against the defendant managers. The trial court granted the defendants' motion. On appeal, the court of appeals reversed the trial court.

¶ 3 We conclude that under section 7–80–606 members are liable to the LLC but not the LLC's creditors. We also conclude that the manager of an insolvent LLC does not owe the LLC's creditors the same fiduciary duty that an insolvent corporation's directors owe a corporation's creditors. Here, the plaintiff, as a creditor of the LLC, may not assert a claim for either unlawful distribution against the defendant members or a common law breach of fiduciary duty against the defendant managers absent express statutory authority. Because the LLC Act does not provide such authority, we reverse the court of appeals and remand this case with directions to return it to the trial court to

reinstate the trial court's grant of the defendants' motion to dismiss.

## I. Facts and Procedural History

¶ 4 The plaintiff, Colborne Foodbotics, LLC, received a $225,202 arbitration award in federal court against Boulder Partnership, LLC. Defendants Michael Weinstein and Kenneth Major are the only members of Boulder Partnership. Weinstein and Major are also the only shareholders of Boulder Partnership's two managers, defendants Business Mechanics, Inc. and ManyMajors Management, Inc. The managers, the defendant corporations, authorized a distribution of Boulder Partnership's assets to the members, Weinstein and Major. The plaintiff alleges these distributions rendered Boulder Partnership insolvent and unable to pay the award it owed to the plaintiff. The plaintiff filed suit, claiming that the members violated section 7–80–606 of the Colorado Limited Liability Company Act[1] (LLC Act) by accepting unlawful distributions. Later, the plaintiff amended its complaint to add a common law claim that the managers violated their fiduciary duty to Boulder Partnership's creditors by authorizing these distributions to its members.

¶ 5 The defendants filed a motion to dismiss. They argued that the plaintiff lacked authority to bring a cause of action under section 7–80–606 because, under the statute, members of an LLC are liable only to the LLC for an unlawful distribution and are not liable to the LLC's creditors. The defendants also argued that Colorado does not recognize a common law fiduciary duty owed by managers of an LLC to an LLC's creditors. The trial court granted the defendants' motion. It reasoned that the language of the statute allowed only an LLC and not an LLC's creditors to recover against its mem-

bers and that caselaw allowing creditors of a corporation to recover against the corporation's shareholders did not apply to LLCs. With respect to the second claim, the trial court ruled that the plaintiff failed to state a claim for breach of fiduciary duty because no Colorado appellate case recognized such a claim by the creditor of an LLC.

¶ 6 On appeal, the court of appeals reversed. It held that the plaintiff could plead a viable claim for an unlawful distribution against Boulder Partnership's members under section 7–80–606. To reach this conclusion, that court applied caselaw interpreting a similar provision of the Colorado Business Corporation Act,[2] which provides for a cause of action for unlawful distributions to a corporation's creditors. The court of appeals also held that the plaintiff had stated a claim for breach of fiduciary duty and grounded that holding in a panel opinion of the court of appeals holding that an insolvent LLC's managers owed the same duty to the LLC's creditors that the directors of an insolvent corporation owe to the corporation's creditors. See *Sheffield Servs. Co. v. Trowbridge,* 211 P.3d 714, 723–24 (Colo.App.2009).

¶ 7 We granted the defendants' petition for certiorari review on two issues: (1) whether the creditors of an LLC have standing to sue for an unlawful distribution under section 7–80–606 and (2) whether the court of appeals erred in extending the common law fiduciary duty an insolvent corporation's directors owe to its creditors to the managers of an LLC.[3]

## II. Analysis

¶ 8 This case involves our construction of the LLC Act. We review issues of statutory interpretation de novo. *Colo. Dep't of Labor & Emp't v. Esser,* 30 P.3d 189, 194 (Colo.2001).

---

1. §§ 7–80–101 to –1101, C.R.S. (2012).

2. §§ 7–101–101 to 7–117–105, C.R.S. (2012). The Colorado Business Corporation Act replaced the Corporation Code, articles 1 through 10 of Title 7, which the legislature repealed effective July 1, 1994. See ch. 191, sec. 46, § 7–117–105, 1993 Colo. Sess. Laws 853, 866.

3. We granted certiorari on the following issues:

1. Whether the creditors of a limited liability company ("LLC") have standing to sue individual members of the LLC who have allegedly received an unlawful distribution under section 7–80–606, C.R.S. (2009), the Colorado Limited Liability Company Act ("LLC Act").
2. Whether the court of appeals erred in extending the limited common law fiduciary duty which directors of insolvent corporations owe to an insolvent corporation's creditors to managers of LLCs.

¶ 9 To understand both issues, we first provide background on LLCs and discuss the differences between LLCs and corporations. We then analyze whether a creditor of an LLC may sue the LLC's members for an unlawful distribution under section 7–80–606. Last, we consider whether the common law fiduciary duty the directors of an insolvent corporation owe to its creditors applies to the managers of an insolvent LLC.

## LLCs

¶ 10 Colorado's LLC Act controls the formation and operation of LLCs. An LLC is an unincorporated, statutorily created business entity. *See* §§ 7–80–103 (describing nature of LLC); 7–80–203 (describing method of forming an LLC); 7–80–1101 (describing the applicability of the LLC Act). Neither members nor managers of an LLC are personally liable for debts incurred by the LLC.[4] § 7–80–705. The LLC allows owners great flexibility in creating rights and duties for its members because Colorado's LLC Act permits the operating agreement to override the LLC Act's provisions in all but a few instances.[5] *See* §§ 7–80–108(1)(a); 7–80–108(4) ("It is the intent of this article to give the maximum effect to the principle of freedom of contract and to the enforceability of operating agreements."). Colorado's LLC statute, with its flexibility in LLC formation and limitation on personal liability, is consistent with general legal authorities' analyses of LLCs. *See* 1 J. William Callison & Maureen A. Sullivan, *Limited Liability Companies: A State–by–State Guide to Law and Practice* § 1:4 (2011).[6]

¶ 11 An LLC is distinct from a corporation and is not governed by the Colorado Business Corporation Act, which applies only to corporations. § 7–103–101(5). The Colorado Business Corporation Act is more detailed than the LLC Act, and, unlike the provisions of the LLC Act, the provisions of the Colorado Business Corporation Act control over a corporation's articles of incorporation.[7] The LLC Act also states "[t]he rule that statutes in derogation of the common law are to be strictly construed shall have no application to this article." § 7–80–109. Section 7–80–109 indicates the legislature intended that the LLC Act, not corporation common law, would govern LLCs. The legislature included corporation common law in only one instance in the LLC Act: in the context of "interpret[ing] the conditions and circumstances under which the corporate veil of a corporation may be pierced under Colorado law."[8] § 7–80–107(1).

¶ 12 With this background in mind, we turn to the plaintiff's unlawful distribution and fiduciary duty claims.

## Unlawful Distribution

¶ 13 The plaintiff argues that section 7–80–606 gives an LLC's creditor standing to sue the members of the LLC for an unlawful distribution. Under section 7–80–606, an LLC may state a claim against any member of the LLC who knowingly receives a distribution that renders the LLC insolvent:

A member who receives a distribution in violation of subsection (1) of this section,

---

4. LLCs combine the limited personal liability of a corporation with the single-tier tax treatment of a partnership. *See* 1 J. William Callison & Maureen A. Sullivan, *Limited Liability Companies: A State–by–State Guide to Law and Practice* § 1:1 (2011).

5. For example, an LLC's operating agreement can carve back the fiduciary duties a manager or member owes to the LLC and to its members so long as the change is not "manifestly unreasonable." § 7–80–108(1.5); 1 Cathy Stricklin Krendl & James R. Krendl, *Colo. Methods of Practice* § 5:10 (7th ed.2009).

6. *See also* 1 Larry E. Ribstein & Robert R. Keatinge, *Ribstein and Keatinge on Limited Liability Companies* § 1:5 (2d ed.2008). This protection from personal liability is "[o]ne of the hallmark features of limited liability companies." 1 Callison & Sullivan, *Limited Liability Companies* § 5:1. "[S]hareholders and LLC members enjoy different legal status." Brandon R. Ceglian, *Satisfying Creditor Claims Against Colorado LLCs, Members, and Managers*, 36 Colo. Law. 23, 24 (Jan.2007); *see also* 1 Ribstein & Keatinge, *Ribstein and Keatinge on LLCs* § 6:7.

7. *See also* 1 Krendl & Krendl, *Colo. Methods of Practice* § 1:1.

8. Here, the plaintiff is not asserting a veil-piercing claim and acknowledged during oral argument that it could not meet the elements of the claim.

and who knew at the time of the distribution that the distribution violated subsection (1) of this section, shall be liable *to the limited liability company* for the amount of the distribution.

§ 7–80–606(2) (emphasis added). The language in section 7–80–606 is similar to language in a provision of the Colorado Business Corporation Act allowing a corporation to sue directors for a distribution that renders the corporation insolvent:

A director who votes for or assents to a distribution made in violation of section 7–106–401 or the articles of incorporation is personally liable *to the corporation* for the amount of the distribution that exceeds what could have been distributed without violating said section or the articles of incorporation if it is established that the director did not perform the director's duties in compliance with section 7–108–401.

§ 7–108–403(1) (emphasis added).

¶ 14 Construing a previous version of section 7–108–403(1), we extended standing to the creditors of a corporation. *Ficor, Inc. v. McHugh*, 639 P.2d 385, 394 (Colo.1982). In *Ficor*, we analyzed section 7–5–114(3) of the Corporation Code, predecessor to section 7–108–403(1), and reasoned that the purpose of the statute was to protect creditors and that creditors as a group had standing to sue an insolvent corporation's directors. *Id.* at 393. We read the language limiting the right to sue to the corporation to ensure that one creditor does not collect at the expense of other creditors. *Id.* Because the creditor in *Ficor* was the only unpaid creditor of the corporation, we allowed that creditor to sue the corporation's directors for an unlawful distribution on its own behalf instead of in the corporation's name. *Id.* at 394. Since then, the court of appeals has applied the holding of *Ficor* to the current Colorado Business Corporation Act, section 7–108–403(1). *Paratransit Risk Retention Grp. Ins. Co. v. Kamins*, 160 P.3d 307, 314 (Colo. App.2007) (holding that a corporation's credi-

tor had standing because the purpose of section 7–108–403(1) was the same as the purpose of the previous version of the statute).

¶ 15 The plaintiff here argues that because the language in the LLC Act is similar to the language in the Colorado Business Corporation Act, the holdings of *Ficor* and *Paratransit* apply equally as well to the LLC Act. It contends that the legislature "is presumed to adopt the construction which prior judicial decisions have placed on particular language when such language is employed in subsequent legislation." *Vaughan v. McMinn*, 945 P.2d 404, 409 (Colo.1997). And because the LLC Act and the Colorado Business Corporation Act are both contained in Title 7 of the Colorado Revised Statutes and are closely related legislative schemes, our prior construction of the Colorado Business Corporation Act should govern our construction of the LLC Act. Thus, the argument runs, because the legislature drafted the LLC Act after *Ficor*, the legislature must have intended for section 7–80–606 to give standing to both an LLC and its creditors.

¶ 16 Turning to the words of the statute, section 7–80–606 states that a member who knowingly receives an unlawful distribution "shall be liable to the limited liability company" for the amount of the distribution. This section creates a cause of action for the LLC but makes no mention of a cause of action for the LLC's creditors. The legislature created remedies for an LLC's creditors in several other sections of the LLC Act[9] and could have done so in section 7–80–606 but did not. The language of section 7–80–606 states that an LLC member who knowingly receives an unlawful distribution is liable to the LLC, not to the LLC's creditors.

¶ 17 The rule in *Vaughan* that the legislature is presumed to adopt a previous judicial construction when reenacting or amending a statute does not warrant a different interpretation. *Vaughan* generally applies only when the legislature amends or reenacts the same statute interpreted by a previous judi-

---

**9.** For example, a creditor may enforce the obligation of an LLC member in some instances. § 7–80–502(2). A court may charge the membership interest of an LLC member with payment of the unsatisfied amount of a judgment to a creditor. § 7–80–703. An LLC may be dissolved in a proceeding by a creditor if the LLC is insolvent and the creditor has obtained a judgment against it or the LLC has admitted that the creditor's claim is due. § 7–80–810(3).

cial decision. *See People v. Cross,* 127 P.3d 71, 76 (Colo.2006); *Tompkins v. DeLeon,* 197 Colo. 569, 571, 595 P.2d 242, 243- 44 (1979). Because the LLC Act and the Colorado Business Corporation Act are two different statutes with different schemes and purposes, and because a corporate shareholder is not equivalent to an LLC member, the legislature is free to choose a statutory limitation on an LLC's creditors different from what it chooses for a corporation's creditors. *See CML V, LLC v. Bax,* 28 A.3d 1037, 1043 (Del.2011) (holding that creditors of an LLC did not have the right to bring a lawsuit on the LLC's behalf even though creditors for a corporation did).

¶ 18 Section 7–80–107(1), which applies corporation common law to a claim for piercing the entity veil, does not imply that the legislature intended to extend a shareholder's personal liability to an LLC member in all instances. The legislature could have stated in section 7–80–107(1) that any corporation common law dealing with the individual liability of shareholders or directors, not just the common law applicable to a veil-piercing claim, applied to the LLC Act. It did not. *See, e.g., Regents of the Univ. of Colo. v. Students for Concealed Carry on Campus, LLC,* 2012 CO 17, ¶ 20, 271 P.3d 496 (citing the rule of statutory interpretation that the legislature's inclusion of some items implies the exclusion of others).

■ ¶ 19 We construe the statute as written and assume "that the General Assembly meant what it clearly said." *Pierson v. Black Canyon Aggregates, Inc.,* 48 P.3d 1215, 1219 (Colo.2002). Because LLCs and corporations are different business entities, it is reasonable that the common law applicable to corporations does not apply to an LLC in the context of a claim for unlawful distribution. We conclude that, under section 7–80–606, only the LLC may assert a claim against its members for an unlawful distribution and that the holding in *Ficor* does not apply to LLCs set up under the LLC Act. Hence, we

hold that absent express statutory authority, an LLC's creditor may not assert a claim against the members of the LLC for unlawful distribution.

### Fiduciary Duty

¶ 20 The plaintiff contends that the common law duty an insolvent corporation's directors owe to its creditors also extends to the managers of an LLC. The plaintiff argues that the managers breached that fiduciary duty by putting their own interests above the plaintiff's.

■ ¶ 21 We have not considered the question of whether the manager of an insolvent LLC owes a limited fiduciary duty to the LLC's creditors. We have held that the directors and officers of an insolvent corporation act as "trustees" for the corporation's creditors and owe the creditors a limited fiduciary duty "that requires officers and directors to avoid favoring their own interests over creditors' claims." *Alexander v. Anstine,* 152 P.3d 497, 502 (Colo.2007).[10] The creditors' claims are limited to such cases, and an insolvent corporation's directors do not owe a general fiduciary duty to its creditors. *Id.* at 503.

¶ 22 A division of the court of appeals applied *Anstine*'s holding to the managers of an LLC. *Sheffield,* 211 P.3d at 723–24. The court of appeals extended the logic of section 7–80–107(1), which allows a plaintiff to assert a veil-piercing claim against an LLC member, "to impose personal liability on LLC managers under the common law 'trustee doctrine.'" *Id.* at 723. Although the court of appeals noted "[t]his personal liability is distinct from the personal liability that may be imposed by applying the piercing the corporate veil doctrine to LLC managers," the court nonetheless applied corporation common law regarding fiduciary duty, not veil-piercing, to the managers of an LLC. *Id.* at 724. The court of appeals in *Sheffield* did not discuss why, in spite of the limit to veil-

10. The parties dispute whether *Anstine* is good law. Section 7–108–401(5) states: "A director or officer of a corporation ... shall not have any fiduciary duty to any creditor of the corporation arising only from the status as creditor." The defendants argue that section 7–108–401(5), add-

ed in 2006, eliminates the common law fiduciary duty an insolvent corporation's officers or directors owe creditors. Because we do not need to address the defendants' argument to reach our holding, we do not answer the question of whether *Anstine* is still good law.

piercing in section 7–80–107(1), it extended corporation common law to an LLC in another instance. Instead, it analogized an LLC to a corporation–a comparison to corporate law that at least one noted commentator strongly questions. 1 Krendl & Krendl, *Colo. Methods of Practice* § 5:25. As noted, LLCs are distinct from corporations. Section 7–80–107(1) specifies that corporation common law should apply to a veil-piercing claim, but not to any other common law claim.

■ ¶ 23 The LLC Act states that managers are not liable for debts of the LLC, and it extends no fiduciary duty to creditors. §§ 7–80–404, 7–80–705. The LLC Act on its face does not call for the application of corporation common law in situations other than piercing the corporate veil. *See* § 7–80–109. Because the LLC Act does not extend corporation common law to an LLC in any instance except a veil-piercing claim, the court of appeals in *Sheffield* erred in extending the fiduciary duty an insolvent corporation's directors owe its creditors to the managers of an LLC. To the extent that *Sheffield* holds that an LLC's manager has a fiduciary duty to the LLC's creditors, it is overruled. Having concluded that *Sheffield* was wrongly decided, we hold that absent statutory authority, the manager of an insolvent LLC does not owe the LLC's creditors the same fiduciary duty that an insolvent corporation's directors owe the corporation's creditors. Here, the plaintiff, as a creditor of Boulder Partnership, may not assert a claim of breach of fiduciary duty against the defendant managers.

### III. Conclusion

¶ 24 For the reasons stated above, we reverse the court of appeals. We remand this case to the court of appeals with instructions to return the case to the trial court to reinstate its order granting the defendants' motion to dismiss.